[Civ. No. 2288.   First Appellate District.—May 16, 1918.]

GUSTIN WHITE et al., Copartners, etc., Respondents, v. WESTERN FISH COMPANY et al., Defendants; ANTONIO TRAPANI, Appellant.

NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND TAXICAB—CONFLICT OF EVIDENCE—FINDINGS CONCLUSIVE ON APPEAL.—In an action for damages resulting from a collision between an automobile and taxicab, where the evidence is conflicting and contradictory as to whether the collision was due to the negligence of the driver of the taxicab or to the defendant, the findings of the trial court will not be disturbed on appeal.

ID.—DAMAGES—CONFLICT OF EVIDENCE—QUESTION FOR TRIAL COURT.— Where the testimony as to damages is conflicting, the amount to be awarded is a question for the determination of the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Wm. M. Madden, for Appellant.

Harry I. Stafford, for Respondents.

THE COURT.—The appellant, Antonio Trapani, while driving his automobile at the intersection of Webster and Geary Streets in the city of San Francisco one stormy night, collided with a taxicab owned by the plaintiffs. The trial court gave judgment against Trapani for $520.05, and from this judgment he appeals.

The appeal presents nothing but the disputed question of fact whether the collision was due to the negligence of the

plaintiff's driver or the defendant Trapani. The evidence, as is usual in such cases, is conflicting and contradictory. The trial court accepted the statements of plaintiff's witnesses. We have examined the record with care and find no reason to disturb the findings of the trial court.

Complaint is made that the damages awarded were too large, but on this subject also the testimony was conflicting, and it was a question for the trial court to determine.

· The judgment is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on June 15, 1918.